**Rosalind GELFGREN et al., Plaintiffs,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY et al., Defendants.**

### No. CV 77–1207–R.

United States District Court,
C. D. California.

June 5, 1978.

Joseph C. Amato, Brown & Amato, Wilmington, Cal., for defendants.

Richard J. Cantrell, Cantrell & Green, Inc., Long Beach, Cal., for plaintiffs.

## ORDER

REAL, District Judge.

Plaintiffs move the Court to vacate entry of judgment made by the Magistrate after trial by him pursuant to the parties' stipulation.

28 U.S.C. § 636 establishing the limitation of Magistrates' powers provides in pertinent part:

§ 636 Jurisdiction, powers, and temporary assignment.

(a) * * *

(b)(1) Notwithstanding any provision of law to the contrary—

* * * * * *

(b)(3) A Magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

Pursuant to the provisions of 28 U.S.C. § 636(b)(3) this matter was referred to Magistrate Harvey Schneider. That reference was made after stipulation of the parties and included the provision that "Judgment shall be entered by the Magistrate."

There is no constitutional inhibition to the reference made here any more than there would be for the parties to choose binding arbitration. Nor is it constitutionally prohibited that the Magistrate enter the judgment.

The practicalities are even more compelling. To profess that Magistrates are judicial officers created to aid the burgeoning case loads in federal courts on the one hand and say they cannot fully perform the functions that they are assigned on the other hand is an anomaly. Unless Magistrates can try and enter judgments in those

cases assigned to them pursuant to stipulation of the parties the process is an exercise in futility. If Magistrates are to be effective judicial officers they must have the power to complete the judicial role their position requires.[1] The procedure now suggested by plaintiff's motion either makes review of the record by the District Judge mandatory or makes the District Judge a rubber stamp or ministerial functionary. Neither of the alternatives will do. Justice is substance not form.

The motion is denied.

---

1. Attorneys holding no official judicial position when appointed pro-tempore to sit as a state judge can and do enter judgments subject to the *appellate* process i. e. District Courts of Appeal and Supreme Court.